UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARLOS A. VELSACO,

    Petitioner

    v.

G. JAIME,

    Respondent.

Case No. 2:20-cv-03668-GW (GJS)

**ORDER TO SHOW CAUSE RE POSSIBLE DISMISSAL FOR LACK OF EXHAUSTION AND NONCOGNIZABILITY**

On April 21, 2020, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District [Dkt. 1, "Petition"]. The Court has reviewed the Petition and the available record carefully. Having done so, it appears that the Petition suffers from fundamental defects that do not appear to be rectifiable with amendment and appear to require its dismissal, for the following reasons.[1]

## BACKGROUND

The Court has carefully reviewed the Petition and the relevant state court

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

dockets[2] and, as a result, has gleaned the following relevant information.

This case stems from a 2018 California conviction and sentence following a jury trial. Petitioner was convicted of assault with a deadly weapon in Los Angeles County Superior Court Case No. LA087550 and was sentenced to five years in state prison on July 25, 2018. [Petition at 2.] Petitioner appealed (California Court of Appeal Case No. B292716). His appellate counsel filed a *Wende* brief on January 11, 2019, and Petitioner voluntarily dismissed his appeal on February 11, 2019.

Several months later, on June 3, 2019, Petitioner filed a habeas petition in the trial court. He alleges that he raised therein the three claims alleged in the instant Petition. The trial court petition was denied on or about July 25, 2019.

Petitioner admits that he did not pursue any further state court direct or collateral relief and that none of the claims alleged in the Petition have been presented to the California Supreme Court. [Petition at 8, 10.] The state court dockets confirm that, with respect to his present conviction, Petitioner has not filed anything in the California Court of Appeal other than as indicated above and has filed nothing in the California Supreme Court.

**PETITIONER'S HABEAS CLAIMS**

Ground One: Pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975), Petitioner's rights under the Fourth Amendment were violated, because he was arrested without an arrest warrant.

Ground Two: Petitioner's right to due process was violated because no arrest warrant issued or was filed.

Ground Three: Appellate counsel provided ineffective assistance by failing to raise the above claims in Petitioner's direct appeal. Also, the State attorney failed to

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, in addition to reviewing the documents included in the Petition.

2

advise Petitioner that he could raise these claims in a supplement to the *Wende* brief filed by his appellate counsel.

## THE PETITION IS UNEXHAUSTED

Petitioner alleges that he stopped pursuing his claims at the trial court level after he received a procedural denial of his trial court habeas petition, which the Court's review has confirmed. Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review).

Petitioner, admittedly, has failed to present his claims to the California Supreme Court. As a result, the Petition is fully unexhausted. Petitioner alleges that, because the trial court imposed a procedural default, its decision was "final" and he therefore did not need to pursue further relief. [Petition at 8.] He is mistaken, and as a result, his three claims are unexhausted.

When a habeas petition is fully unexhausted, as is the case here, the petitioner has two options. He can voluntarily dismiss his petition without prejudice, so that he may pursue exhaustion in the state courts and then return to federal court once his

claims are exhausted.³ Alternatively, he may ask the Court to stay his case while he pursues exhaustion in the state courts, pursuant to the *Rhines* stay procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing stays of "mixed" petitions); and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (finding the *Rhines* stay procedure applicable to fully unexhausted petitions). To obtain a *Rhines* stay, a petitioner must show: (1) "good cause" for the failure to exhaust the claims at issue; (2) that the unexhausted claims are "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in limited circumstances." *Id.* at 277.

As set forth below, the Court has directed Petitioner to file a Response to this Order to Show Cause. In his Response, Petitioner shall: state whether he believes the Petition is exhausted and, if so, explain why; or state whether he concedes that the Petition is unexhausted and, if so, indicate clearly which of the above two options he wishes to exercise. Petitioner is cautioned that, at present, the Court would be disinclined to grant a *Rhines* stay given that, as discussed below, the claims alleged in the Petition fail on their faces, which would render element (2) above unsatisfied. In addition, there is no apparent basis in the record for finding that there was good cause for Petitioner's failure to exhaust his claims, thus rendering element (1) unsatisfied as well. Nonetheless, if Petitioner wishes to seek a stay of this action and believes that he can satisfy the *Rhines* standard, he may attempt to do so in his Response and the Court will consider his arguments carefully.

## THE PETITION FAILS ON ITS FACE

Even if the Petition were exhausted or could be rendered exhausted if a stay

---

³  Any new federal petition will be subject to the statute of limitations.

issued, dismissal nonetheless would be warranted, because Grounds One and Two are not cognizable and Ground Three plainly fails on its face.

*Grounds One and Two:*

The first and second claims of the Petition rest on the premise that Petitioner's Fourth Amendment and due process rights were violated, because he was arrested without an arrest warrant having been issued. Thus, Petitioner complains of an illegal "seizure" under the Fourth Amendment. Ground Two is not cognizable, because the Due Process Clause is not an appropriate basis for Plaintiff's illegal seizure claim. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). The basis for Grounds One and Two is a seizure that allegedly was illegal under the Fourth Amendment. Plaintiff has not properly stated a Fourteenth Amendment due process claim, because any such claim is indistinguishable from the Fourth Amendment right he asserts through Ground One. Accordingly, the only possible federal habeas issue that can be considered based on Petitioner's allegation of a warrantless arrest is one arising under the Fourth Amendment. Ground Two, thus, must be dismissed under Rule 4.

Petitioner's Ground One Fourth Amendment claim, however, is not cognizable, because it is barred by the *Stone v. Powell* doctrine. In *Stone v. Powell*, 428 U.S. 465 (1975), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. Under *Stone*, "[a] Fourth Amendment claim is not cognizable in federal habeas

proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

To receive federal habeas consideration of a claim that the Fourth Amendment has been violated by an illegal seizure and/or search, a petitioner bears the burden of demonstrating that the state courts did not provide him with a full and fair hearing. *See Woolery v. Arave*, 8 F.3d 1325, 1327-28 (9th Cir. 1993). In determining this issue, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval*, 81 F.3d at 899 (emphasis added); *see also Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990) (as long as the petitioner "had an opportunity in state court for 'full and fair litigation' of his fourth amendment claim," habeas relief is foreclosed on his claim that an unconstitutional search and seizure occurred). California provides criminal defendants with a full and fair opportunity to litigate their Fourth Amendment claims through the remedy provided by California Penal Code § 1538.5. *See Gordon*, 895 F.2d at 613. More importantly here, Petitioner expressly alleges that he moved to dismiss his criminal case based on his present Fourth Amendment argument, *i.e.*, that he had been arrested without a warrant, and that the trial court judge denied the motion in or about April 2018. [Petition at 7.]

Petitioner thus had a full and fair opportunity to litigate his Fourth Amendment claim. Any disagreement that Petitioner has with the state court's decision on his Fourth Amendment claim does not make his claim cognizable on habeas review. *See Ortiz-Sandoval*, 81 F.3d at 899; *see also Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994) (petitioner's argument challenging the validity of his search "goes not to the fullness and fairness of the opportunity to litigate the claim, but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant"). Because Petitioner had a fair opportunity to and did, in fact, litigate his Fourth Amendment claim in the trial court, Ground One is barred in

this federal habeas proceeding. *See Stone*, 428 U.S. at 494; *Terravona v. Kincheloe*, 912 F.2d 1176, 1178 (9th Cir. 1990) (finding Fourth Amendment warrantless arrest claim raised in federal habeas action to be barred by *Stone v. Powell*); *Myers v. Rhay*, 577 F.2d 504, 507-09 (9th Cir. 1978) (claim that arrest was illegal because warrant was defective, and thus the petitioner's statements made incident to the arrest should be excluded, held to be barred by *Stone v. Powell*); *Sfara v. Herndon*, No. CV 09-3905-TJH (JEM), 2012 WL 2490, at *6 (C.D. Cal. April 18, 2012) (Fourth Amendment claim of undue delay between warrantless arrest and judicial probable cause determination held to be barred by *Stone v. Powell*), adopted by 2012 WL 1986090 (June 4, 2012).[4]

Accordingly, under Rule 4, the summary dismissal of Grounds One and Two is required.

*Ground Three:*

In his third claim, Petitioner asserts that his appellate counsel provided ineffective assistance by failing to raise Grounds One and Two on direct appeal.[5] It is axiomatic that an appellate attorney does not provide deficient performance, within the meaning of the Sixth Amendment, by declining to raise weak or meritless claims on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983) (the Sixth Amendment does not require that appellate counsel raise every colorable or non-

---

[4] In addition, contrary to Petitioner's belief, the Fourth Amendment does not prohibit arrests without a warrant, as long as there is a prompt judicial determination of probable cause thereafter. *Gerstein*, 420 U.S. at 113-14, 125; *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (a judicial determination of probable cause within 48 hours of arrest generally complies with *Gerstein*'s promptness requirement). Thus, even if Ground One were cognizable, it appears to fail on the merits on its face.

[5] Petitioner also complains that the attorney for the State failed to provide him with advice that he could file a supplement to the *Wende* brief filed by Petitioner's appellate counsel. This allegation does not come close to stating a federal constitutional violation, as the State's attorney had no obligation to so advise Petitioner. Thus, this aspect of Ground Three plainly fails on its face.

7

Case 2:20-cv-03668-GW-GJS   Document 3   Filed 04/24/20   Page 8 of 9   Page ID #:25

frivolous claim, as effective appellate advocacy involves weeding out weaker claims in order to focus on stronger ones); *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir. 1992) (appellate counsel's failure to raise an issue on appeal does not constitute ineffective assistance if no constitutional violation has been shown, and thus, counsel had no reasonable likelihood of success in arguing the issue); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (failure to raise meritless argument on appeal does not constitute ineffective assistance of counsel).  In addition, an ineffective assistance of appellate counsel claim fails the Sixth Amendment's prejudice requirement unless the petitioner can show that the omitted claims would have been successful, namely, that, "but for" his appellate counsel's omission of these claims, there is a "reasonable probability" Petitioner "would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (the appropriate inquiry is whether a specific argument would have resulted in a "reasonable probability of reversal").

As noted above, Ground Two is not cognizable, because an asserted Fourth Amendment violation cannot be raised as a due process-based claim.  As further noted, Petitioner's apparent belief that an arrest without a warrant is barred by the Fourth Amendment is simply incorrect under *Gerstein* and Supreme Court precedent.  Neither prong of a Sixth Amendment violation – deficient performance and/or prejudice – can be found based on appellate counsel's failure to raise Grounds One and Two on direct appeal.  Accordingly, Ground Three fails to present any basis for federal habeas relief and therefore, under Rule 4, should be dismissed summarily.

*   *   *   *   *

As noted earlier, Rule 4 requires summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  For the foregoing reasons, summary dismissal of this action appears required here.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the grounds of unexhaustion and/or noncognizability. By no later than **June 8, 2020**, Petitioner shall file a Response to this Order To Show Cause addressing these issues as follows:  (1) if Petitioner concedes that the Petition is unexhausted, he shall state so clearly and advise which of his two options he elects, but if Petitioner disputes that the Petition is unexhausted, he must demonstrate how it is exhausted; and (2) if Petitioner concedes that his claims are not cognizable, he shall state so clearly, but if Petitioner contends that the claims are cognizable, he must explain why.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed summarily on the grounds of unexhaustion and/or the noncognizability of his claims.**

**IT IS SO ORDERED.**

DATED:  April 24, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

9